

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -3 I P 4: 37

LORETTA G. WHYTE
CLERK

# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THADDEUS JOHNSON #287782** | **CIVIL ACTION** |
| **versus** | **NO. 05-3668** |
| **N. BURL CAIN, WARDEN** | **SECTION: "A" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

Petitioner, Thaddeus Johnson, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On February 6, 2001, he was convicted of two counts of armed robbery in violation of La.Rev.Stat.Ann. § 14:64.[2] On February 12, 2001, he was sentenced on each count to a term of imprisonment of forty-nine and one-half years, without benefit of parole, probation, or suspension of sentence, with credit for time served.[3] The state subsequently filed a multiple bill of information alleging that petitioner was a habitual offender.[4] On April 4, 2001, he was found to be a third offender. As a result, the trial court vacated the prior sentence on one of the two counts and resentenced petitioner on that count to a term of life imprisonment, without benefit of parole, probation, or suspension of sentence, with credit for time served.[5] On February 13, 2002, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's convictions.[6] He then filed with the Louisiana Supreme Court an untimely application for supervisory and/or remedial writs which was denied on March 21, 2003.[7]

───────────────────

[2] State Rec., Vol. III of IV, transcript of February 6, 2001, pp. 242-43; State Rec., Vol. I of IV, minute entry dated February 6, 2001; State Rec., Vol. I of IV, jury verdict form.

[3] State Rec., Vol. III of IV, transcript of February 12, 2001, p. 3; State Rec., Vol. I of IV, minute entry dated February 12, 2001.

[4] State Rec., Vol. I of IV.

[5] State Rec., Vol. III of IV, transcript of April 4, 2001, pp. 25-27; State Rec., Vol. I of IV, minute entry dated April 4, 2001.

[6] State v. Johnson, 812 So.2d 106 (La. App. 5th Cir. 2002) (No. 01-KA-0842); State Rec., Vol. I of IV.

[7] State ex rel. Johnson v. State, 840 So.2d 532 (La. 2003) (No. 2002-KH-1037); State Rec., Vol. I of IV.

On February 23, 2004, petitioner filed with the state district court an application for post-conviction relief.[8]  After that application was denied as untimely filed,[9] he filed a motion for reconsideration.[10]  On March 31, 2004, the state district court granted that motion but then denied petitioner's post-conviction claims on the merits.[11]  He next filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ which was denied on May 5, 2004.[12]  He then filed with the Louisiana Supreme Court an application for a writ of certiorari or review[13] which was denied on April 8, 2005.[14]

On July 13, 2005, petitioner filed this federal application for *habeas corpus* relief.[15] In support of his application, petitioner claims:

1.  The trial court erred in denying a motion to suppress petitioner's identification;

---

[8] State Rec., Vol. I of IV.

[9] State Rec., Vol. I of IV, Order dated February 27, 2004.

[10] State Rec., Vol. I of IV.

[11] State Rec., Vol. I of IV, Order dated March 31, 2004.

[12] State v. Johnson, No. 04-KH-496 (La. App. 5th Cir. May 5, 2004) (unpublished); State Rec., Vol. I of IV.

[13] State Rec., Vol. IV of IV.

[14] State *ex rel.* Johnson v. State, 899 So.2d 3 (La. 2005) (No. 2004-KH-1491); State Rec., Vol. I of IV.

[15] Rec. Doc. 1.

- 3 -

2.      The trial court erred in denying a motion in limine to exclude

testimony related to petitioner's identification;

3.      The trial court erred in refusing to allow the defense to

introduce transcripts of the victims' taped statements;

4.      Petitioner's sentence was excessive;

5.      Petitioner's counsel was ineffective when he failed to file a

motion to reconsider sentence;

6.      Petitioner's counsel was ineffective when he failed to lay a

proper foundation for impeachment testimony; and

7.      Petitioner's rights were violated due to the cumulative errors.

The state argues that petitioner's federal application is untimely.[16] For the following

reasons, this Court agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally

requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

conviction or sentence becomes "final."[17] Under the AEDPA, a judgment is considered "final" upon

the expiration of time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).

---

[16]  Rec. Doc. 7, pp. 9-13.

[17]  Although § 2244(d)(1) has alternative provisions providing for other events which can trigger
the commencement of the statute of limitations, those alternative provisions are inapplicable in the
instant case.

-  4  -

Based on those provisions, the state argues that petitioner's convictions became final for AEDPA purposes upon the expiration of his period for seeking timely review of the Louisiana Fifth Circuit Court of Appeal's judgment affirming his conviction. The Court finds that the state is correct.

Louisiana Supreme Court Rule X, § 5(a) provides: "An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...." In the instant case, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's convictions on February 13, 2002,[18] and notice of that judgment was mailed that same day.[19] Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A) and Louisiana Supreme Court Rule X, § 5(a), petitioner's convictions became final for AEDPA purposes thirty days later, unless he filed a writ application with the Louisiana Supreme Court on or before that date. Because he did not file a writ application by that deadline, his convictions became final for AEDPA purposes and his one-year federal statute of limitations commenced on March 15, 2002.

The Court notes for the record that petitioner did subsequently file a Louisiana Supreme Court writ application. However, Louisiana Supreme Court Rule X, § 5(a) expressly *prohibits* any extension of the thirty-day writ application deadline and provides for *no* exceptions. Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 1999). Because petitioner's writ application was

---

[18]  State v. Johnson, 812 So.2d 106 (La. App. 5th Cir. 2002) (No. 01-KA-0842); State Rec., Vol. I of IV.

[19]  State Rec., Vol. III of IV, certificate of mailing.

mailed to the Louisiana Supreme Court in an envelope that was not even <u>postmarked</u> until March

18, 2002,[20] the writ application clearly could not have been received for filing by that court by March

15 deadline and, as a result, does not affect the finality date of petitioner's conviction.[21]  Moreover,

the United States Fifth Circuit Court of Appeals has made it clear that once the federal statute of

limitations has validly commenced, it cannot be "restarted" by collateral state court action.[22]

---

[20]  State Rec., Vol. I of IV, letter to petitioner from John Tarlton Olivier, Clerk of Court, dated April 15, 2002.

[21]  The Court acknowledges that Louisiana Supreme Court Rule X, § 5(d) provides that an application filed by mail will be considered timely if it bears an official postmark on or before the deadline.  That provision does not apply in this case, in that the postmark date is three days after the deadline.
   Moreover, the Court notes that it is irrelevant for statutory tolling purposes when a prisoner gave an intended filing to prison officials for mailing.  The United States Fifth Circuit Court of Appeals has expressly prohibited the application of a state "mailbox rule" to state post-conviction filings in statutory tolling calculations.  <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999); <u>see also</u> <u>Richardson v. Dretke</u>, 85 Fed. Appx. 394, 395 (5th Cir. 2004); <u>Kestler v. Cockrell</u>, 73 Fed. Appx. 690, 691 (5th Cir. 2003).

[22]  The Fifth Circuit held:

> On its face, AEDPA provides for only a linear limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between.  See § 2244(d)(1), (2).  So long as the petitioner is being held pursuant to the same state court judgment, nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action.  Rather, the statutory framework only provides for the tolling of limitations during the pendency of state collateral review.  *See* § 2244(d)(2).

<u>Salinas v. Dretke</u>, 354 F.3d 425, 429-30 (5th Cir.), <u>cert. denied</u>, 541 U.S. 1032 (2004).

For the foregoing reasons, the Court finds that the one-year period that petitioner had to file his application for federal *habeas corpus* relief commenced on March 15, 2002, and expired on March 17, 2003,[23] unless that deadline was extended through tolling.

The Court first looks to statutory tolling. The AEDPA provides: "The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). The only application petitioner had pending before a state court during the applicable period was the untimely writ application filed with the Louisiana Supreme Court in case number 2002-KH-1037. However, because that application was untimely filed, it cannot be considered "properly filed" so as to trigger § 2244(d)(2) tolling. The United States Supreme Court has recently made clear that a petitioner is entitled to no tolling credit whatsoever for an untimely filing. Pace v. DiGuglielmo, ___ U.S. ___, ___, 125 S.Ct. 1807, 1812-14 (2005). Accordingly, petitioner is not entitled to any statutory tolling because his

---

[23]   Because March 15, 2003, fell on a Saturday, the AEDPA's statute of limitations was extended until the end of the following Monday, March 17. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, or a legal holiday, the period runs until the end of the next day that is not one of those days).

Louisiana Supreme Court writ application was untimely[24] and he had no other state applications pending during the applicable period.[25]

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before March 17, 2003, in order to be

---

[24] **Moreover, the Court notes that petitioner's federal application would be untimely even if he were given § 2244(d)(2) tolling credit for the untimely writ application. For example, even after that writ application was denied, well over a year ran untolled before he filed his federal application. After the Louisiana Supreme Court denied the untimely writ application on March 21, 2003, petitioner allowed three hundred thirty-eight (338) days to run untolled before he filed his state post-conviction application on February 23, 2004. When those post-conviction proceedings concluded on April 8, 2005, he allowed an additional ninety-five (95) days to run untolled before he filed his federal application on July 13, 2005.**

[25] The Court notes that petitioner filed a post-conviction application with the state district court on February 23, 2004. However, because that application was filed after the expiration of the AEDPA's one-year statute of limitations, the application and the related appellate court proceedings have no bearing on the timeliness of petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

timely.  Petitioner's federal application was not filed until July 13, 2005,[26] and it is therefore untimely.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Thaddeus Johnson be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this third day of January, 2006.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[26]   Petitioner signed his application for federal *habeas corpus* relief on July 13, 2005.  Rec. Doc. 1.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

THADDEUS JOHNSON #287782                         CIVIL ACTION

versus                                           NO. 05-3668

N. BURL CAIN, WARDEN                             SECTION: "A" (1)

## O R D E R

The Court, having considered the petition, the record, the applicable law and the Report and Recommendation of the United States Magistrate Judge, and the failure of petitioner to file any objection to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its own opinion. Accordingly,

**IT IS ORDERED** that the federal petition of **Thaddeus Johnson** for *habeas corpus* relief is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this _____ day of _____, 2006.

_____
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THADDEUS JOHNSON #287782** | **CIVIL ACTION** |
| **versus** | **NO. 05-3668** |
| **N. BURL CAIN, WARDEN** | **SECTION: "A" (1)** |

### J U D G M E N T

The Court, having considered the petition, the record, the applicable law and for the written reasons assigned;

**IT IS ORDERED, ADJUDGED AND DECREED** that the federal petition of **Thaddeus Johnson** for *habeas corpus* relief is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this _____ day of _____, 2006.

_____
**UNITED STATES DISTRICT JUDGE**